IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH BROWN, JR., :
:
Petitioner :
:
v. : CIVIL NO. 4:CV-13-1527
:
SUPERINTENDENT BICKELL, : (Judge Brann)
:
Respondent :

# MEMORANDUM

June 10, 2013

**Background**

This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was initiated by Kenneth Brown, Jr., an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon). Named as Respondent is SCI-Huntingdon Superintendent Bickell.[1] Accompanying the Petition is an in forma pauperis application will be granted solely for the purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

Brown states that he plead guilty to charges of third degree murder, flight

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

to avoid apprehension, false imprisonment, abuse of a corpse, and tampering with physical evidence in the Court of Common Pleas of Lancaster County, Pennsylvania. He was sentenced on January 29, 2010 to a thirty (30) to sixty (60) year term of incarceration.

Petitioner's pending action challenges the legality of his guilty plea on the grounds that it was induced by the ineffective assistance of counsel. Brown adds that although he did not pursue a direct appeal, his present claims were previously raise in a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) which was denied by the Pennsylvania Superior Court on July 10, 2012.[2]

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such

---

[2] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

person is in custody or in the district court for the
district within which the State court was held which
convicted and sentenced him and each of such district
courts shall have concurrent jurisdiction to entertain the
application. The district court for the district wherein
such an application is filed in the exercise of its
discretion and in furtherance of justice may transfer the
application to the other district court for hearing and
determination.

Brown is attacking the legality of a guilty plea which was entered in the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the state court which accepted Brown's plea, as well as any records,

witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge